## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF RYAN VIOLA, deceased, by and through its Co-Administrators, ALICE VIOLA and SAMUEL VIOLA Jr.<br>5157 Merganser Way Avenue<br>Bensalem, PA 19020 | CIVIL ACTION<br>JURY TRIAL DEMANDED |
| v. | |
| TOWNSHIP OF BENSALEM<br>Bensalem Township Municipal Building<br>2400 Byberry Road<br>Bensalem, PA 19020 | NO. _____ |
| and | |
| BENSALEM TOWNSHIP SCHOOL DISTRICT<br>3000 Donallen Dr.<br>Bensalem, PA 19020-1829 | |
| and | |
| BENSALEM TOWNSHIP POLICE DEPARTMENT<br>2400 Byberry Road<br>Bensalem, PA 19020 | |
| and | |
| ARMOUR AND SONS ELECTRIC, INC.<br>23 E. Cabot Boulevard<br>Langhorne, PA 19047 | |

## COMPLAINT
## CIVIL ACTION

Plaintiffs, Alice Viola and Samuel Viola Jr., Co-Administrators of the Estate of Ryan Viola, deceased, by and through their attorneys, Louis R. Busico, Esquire and Charles L. Leone, Esquire, respectfully allege as follows:

## JURISDICTION

1. This action is brought for damages pursuant to 42 U.S.C. Section 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is predicated upon 28 U.S.C. Sections 1331 and 1343.

## THE PARTIES

3. Plaintiffs, Alice Viola and Samuel Viola, Jr., are the Co-Administrators of the Estate of Ryan Viola, deceased. Plaintiffs, Alice Viola and Samuel Violas, were granted Letters Testamentary by the Bucks County Register of Wills on January 4, 2013. Plaintiffs, Alice Viola and Samuel Viola, at all times relevant hereto, resided at the above captioned address.

4. Defendant, Township of Bensalem, is a municipal entity incorporated and/or existing under the laws and charters of the Township of Bensalem, County of Bucks, Commonwealth of Pennsylvania, with its principal offices located at the above captioned address. At all times relevant hereto, the Township of Bensalem, acted by and through its authorized and/or elected officials and supervisors, and/or its agents, servants and/or employees, all of whom were acting within the course and scope of their employment and on behalf of the Township of Bensalem.

5. Defendant, Bensalem Township School District, is a unit of a municipal entity, namely, the Township of Bensalem, incorporated and/or existing under the laws and charters of the Township of Bensalem, County of Bucks, Commonwealth of Pennsylvania, with its principal offices located at the above captioned address. At all times relevant hereto, the Bensalem Township School District, acted by and through its authorized and/or elected officials and supervisors, and/or its agents, servants and/or employees, all of whom were acting within the course and scope of their employment and on behalf of the Bensalem Township School District.

6. Defendant, Bensalem Township Police Department, is a unit of a municipal entity, namely, the Township of Bensalem, incorporated and/or existing under the laws and charters of the Township of Bensalem, County of Bucks, Commonwealth of Pennsylvania, with its principal

offices located at the above captioned address. At all times relevant hereto, the Bensalem Township Police Department, acted by and through its authorized and/or elected officials and supervisors, and/or its agents, servants and/or employees, all of whom were acting within the course and scope of their employment and on behalf of the Bensalem Township Police Department.

7. Defendant, Armour and Sons Electric, Inc., is a Pennsylvania Corporation registered to do business at the above captioned address, who at all times relevant hereto regularly conducted business in the Commonwealth of Pennsylvania, County of Bucks. At all times relevant hereto, Defendant, Armour and Sons Electric, Inc., acted by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment and on behalf of Armour and Sons Electric, Inc.

## BACKGROUND

8. At all times relevant hereto, the deceased, Ryan Viola, was a pedestrian, a resident of Bensalem Township and a student at Bucks County Technical School.

9. At all times relevant hereto, the Township of Bensalem, the Bensalem Township School District, and/or the Bensalem Township Police Department, one of them or all of them, provided transportation to and from the Bucks County Technical School via a school bus.

10. As a student of Bucks County Technical School, the deceased, Ryan Viola, used the services of the Bensalem Township School District's school buses and the bus stop that was established by Township of Bensalem, the Bensalem Township School District and/or the Bensalem Township Police Department, one of them or all of them, located at the northwest corner of the intersection of Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

11. At all times relevant hereto, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, acted by and through their authorized and/or elected officials and supervisors, and/or their agents,

servants and/or employees, all of whom were acting within the course and scope of their employment and on behalf of the Township of Bensalem, the Bensalem Township School District, and/or the Bensalem Township Police Department, one of them or all of them.

12. Based upon information and belief, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established school bus stops to facilitate the transportation of students to and from the Bucks County Technical School, as well as other schools.

13. Based upon information and belief, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established which school bus stop deceased Plaintiff, Ryan Viola, was authorized to use for his transportation to and from the Bucks County Technical High School.

14. Based upon information and belief, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established which Bensalem Township school bus stops would be monitored/attended to by a crossing guard at a school bus stop.

15. Based upon information and belief, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established the hours that a school bus stop was to be monitored/attended to by a crossing guard.

16. At all times relevant hereto, a traffic control device, in the form of a traffic signal, controlled the intersection of Bensalem Boulevard and Portside Drive in Bensalem Township, PA.

17. Based upon information and belief, Defendant, Armour and Sons Electric, Inc., was responsible for the day to day maintenance and repair of the traffic control devices located at the corners of Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

18. Based upon information and belief, Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, were responsible for the inspection and oversight of the traffic control devices located at Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

19. At all times relevant hereto, the corners of Bensalem Boulevard and Portside Drive were equipped with pedestrian pushbuttons which, if operating properly, would allow for a pedestrian to push the button in order to control the traffic control device to allow for the safe passage of pedestrians.

20. At all times relevant hereto, the deceased, Ryan Viola, was in the process of crossing Bensalem Boulevard at Portside Drive in order to reach his designated school bus stop at the northwest corner of Bensalem Boulevard and Portside Drive, when he was struck, and killed, by a motor vehicle traveling on Bensalem Boulevard.

21. At all times relevant hereto, a pedestrian pushbutton was located at the southwest corner of Bensalem Boulevard and Portside Drive; the purpose of the pedestrian pushbutton was to allow pedestrians to control the traffic control device located at Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

22. At all times relevant hereto, the pedestrian pushbutton located at the southwest corner of Bensalem Boulevard and Portside Drive was improperly wired and did not function as it was intended to function; namely to allow for pedestrians to obtain the right of way to safely cross Bensalem Boulevard at Portside Drive.

23. At all times relevant hereto, at the time deceased Plaintiff, Ryan Viola, approached, and began to cross, the intersection of Bensalem Boulevard and Portside Drive, no crossing guard was present to assist school children while crossing Bensalem Boulevard at Portside Drive.

24. It is believed and therefore averred that, Bensalem Boulevard, at or near the intersection of Portside Drive, is a heavily travelled roadway with a speed limit of 40 mph.

25. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established the hours that a school crossing guard needed to be present at the intersection of Bensalem Boulevard and Portside Drive, Bensalem Township, PA

26. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, did not require a crossing guard to report to duty at the intersection of Bensalem Boulevard and Portside Drive until after deceased Plaintiff, Ryan Viola's, morning school bus pickup time.

27. It is believed and therefore averred that a crossing guard should have been present for any times that a student was scheduled to be picked up at a designated school bus stop and that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, determined when and for how long a crossing guard would report for duty.

28. It is believed and therefore averred that the presence of a crossing guard at the intersection of Bensalem Boulevard and Portside Drive at the time of deceased Plaintiff, Ryan Viola's crossing would have prevented the accident in question and therefore, would have prevented the tragic death of deceased Plaintiff, Ryan Viola.

29. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, established the location of the school bus stop at the northwest corner of Bensalem Boulevard and Portside Drive, despite the heavily traveled roadway and other nearby sites for a safe school bus stop.

30. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them

or all of them, knew or should have known, that the designated school bus stop at the northwest corner of Bensalem Boulevard and Portside Drive was not within industry standards and did not follow safe practices in designating school bus stops.

31. It is believed and therefore averred that a safer location was available for the school bus stop located at the intersection of Bensalem Boulevard and Portside Drive.

32. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, knew or should have known that the school bus stop designated by Defendants, one of them or all of them, disregarded the proper placement of the school bus stop at the intersection of Bensalem Boulevard and Portside Drive for the sake of efficiency of picking up school children over the safety of the school children.

33. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, used their authority to determine where a Bensalem Township school bus stop was located.

34. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, used their authority to determine the times that a crossing guard was scheduled to work at the school bus stop in question.

35. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, designed or approved the placement of the pedestrian pushbuttons at the intersection of Bensalem Boulevard and Portside Drive.

36. It is believed and therefore averred that Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them

or all of them, actions or failures to act as aforesaid created a danger to deceased Plaintiff, Ryan Viola, and those similarly situated, and rendered him more vulnerable to danger than had they acted properly and with the safety of Bensalem Township's school children in mind.

37. It is believed and therefore averred that had Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, required a crossing guard at the school bus stop in question during the hours of any school bus loading, the fatal accident would not have happened.

38. It is believed and therefore averred that had Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, inspected or repaired the faulty traffic control device, the fatal accident would not have happened.

39. It is believed and therefore averred that had Defendant's, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, chosen a safer location for the school bus stop given the alternatives available near that location, the fatal accident would not have happened.

40. The tragic and untimely death of deceased Plaintiff, Ryan Viola, was a direct result of the actions, or inactions, of Defendants, one of them or all of them, as aforesaid.

41. Decedent, Ryan Viola, suffered great pain and mental anguish which he endured between the time of the happening of the accident and the time of his death.

42. Decedent, Ryan Viola, died intestate and is survived by his natural parents, Alice Viola and Samuel Viola, Jr., and his siblings, Vincent Viola and Abigail Viola, who are his heirs.

43. As a direct cause from the accident and resulting injuries and death, recoverable damages to the Estate of Ryan Viola, include, but are not limited to medical expenses, expense of administration and the loss of Decedent's care, companionship, security, advice, guidance,

comfort, counsel and financial losses.

44. As a direct cause from the aforesaid accident, the Estate is entitled to recover for his pain and suffering, lost wages or the expectation of wages as well as the financial loss to the Estate due to his fatal injuries and death and the incurring of expenses related to his fatal injuries and death.

## FIRST CAUSE OF ACTION
## ESTATE OF RYAN VIOLA v. DEFENDANTS, TOWNSHIP OF BENSALEM, BENSALEM TOWNSHIP SCHOOL DISTRICT AND BENSALEM TOWNSHIP POLICE DEPARTMENT
## CIVIL RIGHTS

45. Plaintiff hereby incorporates by reference the facts and averment set forth in Paragraphs One (1) through Forty-Four (44) above as though same are set forth at length herein.

46. Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, by their actions and failures to act, set forth at length herein, and under the color of law, deprived Plaintiff of his civil rights, without due process of law.

47. As a direct and proximate result of the actions and failures to act of the Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them deceased Plaintiff, Ryan Violas, was deprived of his civil rights, as a result of a state created danger, all of which caused and resulted in his untimely death.

48. It is believed and therefore averred that actions, or failures to act, of Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, under the color of law, amounted to a deprivation of Plaintiffs' civil rights without due process or notice.

49. It is believed and therefore averred that the actions of Defendants, the Township of Bensalem, the Bensalem Township School District and the Bensalem Township Police Department, one of them or all of them, under the color of law amounted to a state created danger with said actions directly causing or contributing to the untimely and tragic death of deceased Plaintiff, Ryan Viola.

WHEREFORE, Plaintiffs, Alice Viola and Samuel Viola, Co-Administrators of the Estate of Ryan Viola, deceased, seek judgment in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars and any other award in their favor properly and fully compensating them for the violation of the rights of Ryan Viola, deceased.

## SECOND CAUSE OF ACTION
## ESTATE OF RYAN VIOLA v. DEFENDANTS, TOWNSHIP OF BENSALEM, BENSALEM TOWNSHIP SCHOOL DISTRICT AND BENSALEM TOWNSHIP POLICE DEPARTMENT
## NEGLIGENCE/WRONGFUL DEATH

50. Plaintiff hereby incorporates by reference the facts and averments set forth in Paragraphs One (1) through Forty-Nine (49) as though same were set forth at length herein.

51. The carelessness, recklessness and/or negligence of the Defendants, Township of Bensalem, Bensalem Township School District, Bensalem Township Police Department, one of them or all of them, consisted of the following:

   a. failure to maintain a traffic control device;

   b. failure to correct deficiencies of a traffic control device;

   c. failure to properly inspect a traffic control device;

   d. failure to ensure the proper working of traffic control device;

   e. allowing and permitting a traffic control device to be, and remain, malfunctioning;

   f. failure to supervise those responsible for the upkeep and maintenance of a traffic control device; and

      g.      failure to conform to industry standards when selecting and approving the location of pedestrian pushbuttons for the traffic control device.

52.      It is believed and therefore averred that this accident was the direct and proximate result of a traffic control device and as such, an exception to sovereign immunity exists under 42 Pa.C.S. Section 8542 (b)(4).

53.      As a direct and proximate result of the action, or failures to act, of Defendants, as aforesaid deceased Plaintiff, Ryan Viola, was caused to suffer extreme bodily trauma which lead to his untimely and death and other damages as set forth herein.

54.      Decedent, Ryan Viola, suffered great pain and mental anguish which he endured between the time of the happening of the accident and the time of his death.

55.      Decedent, Ryan Viola, died intestate and is survived by his natural parents, Alice Viola and Samuel Viola, Jr. and his siblings, Vincent Viola and Abagail Viola, who are his heirs.

56.      The beneficiaries of the Wrongful Death Act 42 Pa. C.S.A. bring this action by virtue of that Act.

57.      Decedent, Ryan Viola, provided companionship, comfort, society, solace, advice, assistant and console to his family for which they are entitled to be compensated.

58.      As a direct cause from the accident and resulting injuries and death, recoverable damages to Decedent, Ryan Viola's heirs include, but are not limited to medical expenses, expense of administration and the loss of Decedent's care, companionship, security, advice, guidance, comfort, counsel and financial losses.

59.      The survival action on behalf of the Estate of Ryan Viola is permitted and being brought pursuant to the Survival Act 42 Pa. C.S.A. §8302. The Estate is entitled to recover for his pain and suffering, lost wages or the expectation of wages as well as the financial loss to the Estate

due to his fatal injuries and death and the incurring of expenses related to his fatal injuries and death.

60. Decedent, Ryan Viola, did not institute any civil action related to his fatal injuries prior to his death and there are no civil actions pending regarding the wrongful death of Decedent.

WHEREFORE, Plaintiffs, Alice Viola and Samuel Viola, Co-Administrators of the Estate of Ryan Viola, deceased, seek judgment in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars and any other award in their favor properly and fully compensating them for the untimely death and other damages and losses set forth herein suffered by deceased Plaintiff, Ryan Viola.

## THIRD CAUSE OF ACTION
## ESTATE OF RYAN VIOLA v. DEFENDANTS, ARMOUR AND SONS ELECTRIC, INC.

61. Plaintiff hereby incorporates by reference the facts and averments set forth in Paragraphs One (1) through Sixty (60) as though same were set forth at length herein.

62. The carelessness, recklessness and/or negligence of the Defendant, Armour and Sons Electric, Inc., consisted of the following:

    a. failure to maintain a traffic control device,

    b. failure to correct deficiencies of a traffic control device;

    c. failure to properly inspect a traffic control device;

    d. failure to ensure the proper working of traffic control device;

    e. allowing and permitting a traffic control device to be, and remain, malfunctioning;

    f. failure to supervise those responsible for the upkeep and maintenance of a traffic control device; and

    g. failure to conform to industry standards when selecting and approving the location of pedestrian pushbuttons for the traffic control device.

63. It is believed and therefore averred that this accident was the direct and proximate result of a dangerous condition of a traffic control device and as such, an exception to sovereign immunity exists under 42 Pa.C.S. Section 8542 (b)(4).

64. As a direct and proximate result of the actions, or failures to act, of Defendants, as aforesaid deceased Plaintiff, Ryan Viola, was caused to suffer extreme bodily trauma which lead to his tragic and untimely death and other damages as set forth herein.

65. Decedent, Ryan Viola, suffered great pain and mental anguish which he endured between the time of the happening of the accident and the time of his death.

66. Decedent, Ryan Viola, died intestate and is survived by his natural parents, Alice Viola and Samuel Viola, Jr. and his siblings, Vincent Viola and Abagail Viola, who are his heirs.

67. The beneficiaries of the Wrongful Death Act 42 Pa. C.S.A. bring this action by virtue of that Act.

68. Decedent, Ryan Viola, provided companionship, comfort, society, solace, advice, assistant and console to his family for which they are entitled to be compensated.

69. As a direct cause from the accident and resulting injuries and death, recoverable damages to Decedent, Ryan Viola's heirs include, but are not limited to medical expenses, expense of administration and the loss of Decedent's care, companionship, security, advice, guidance, comfort, counsel and financial losses.

70. The survival action on behalf of the Estate of Ryan Viola is permitted and being brought pursuant to the Survival Act 42 Pa. C.S.A. §8302. The Estate is entitled to recover for his pain and suffering, lost wages or the expectation of wages as well as the financial loss to the Estate due to his fatal injuries and death and the incurring of expenses related to his fatal injuries and death.

71.     Decedent, Ryan Viola, did not institute any civil action related to his fatal injuries prior to his death and there are no civil actions pending regarding the wrongful death of Decedent.

WHEREFORE, Plaintiffs, Alice Viola and Samuel Viola, Co-Administrators of the Estate of Ryan Viola, deceased, seek judgment in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars and any other award in their favor properly and fully compensating them for the untimely death and other damages and losses set forth herein suffered by deceased Plaintiff, Ryan Viola.

Respectfully submitted,

LAW OFFICE OF LOUIS R. BUSICO

*[signature]*

CHARLES L. LEONE, Esquire (#67274)
LOUIS R. BUSICO, Esquire (52595)
Attorney for Plaintiff

133 N. State Street
Newtown, PA 18940
(215) 504-2930
buckstriallawyers@busicolaw.com