UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | : | |
|---|---|---|
| ESTATE OF RYAN VIOLA, deceased, by and through its Co-Administrators ALICE VIOLA and SAMUEL VIOLA, JR., | : : : | Civil Action No. 14-5914 |
| Plaintiff, | : : | |
| v. | : : | |
| TOWNSHIP OF BENSALEM; BENSALEM TOWNSHIP SCHOOL DISTRICT; BENSALEM TOWNSHIP POLICE DEPARTMENT; and ARMOUR AND SONS ELECTRIC, INC., | : : : : : | |
| Defendant. | : | |

**ORDER**

And now, this _____ day of _____, 2014, upon consideration of Defendant, ARMOUR AND SONS ELECTRIC, INC'S Motion for Partial Dismissal of Plaintiff's Complaint, and any response thereto, it is hereby ordered and decreed that said Motion is GRANTED as follows:

Since Plaintiff has failed to plead any facts which would support the allegation that Defendant, Armour and Sons Electric, Inc. acted in a reckless manner, all such allegations are stricken from the Complaint as directed to the said Defendant, and all claims for punitive damages as to said Defendant are dismissed.

BY THE COURT:

_____
J.

| | |
|---|---|
| DELANY McBRIDE<br>JOHN J. DELANY, III, ESQUIRE<br>I.D. No. 45155<br>ANDREW P. CAMPBELL, ESQUIRE<br>I.D. No. 79430<br>Two Penn Center Plaza<br>1500 JFK Blvd., Suite 415<br>Philadelphia, PA 19102 | **Attorneys for Defendant,**<br>**Armour and Sons Electric, Inc.** |

UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| ESTATE OF RYAN VIOLA, deceased, by and through its Co-Administrators ALICE VIOLA and SAMUEL VIOLA, JR., | : : : : | Civil Action No. 14-5914 |
| Plaintiff, | : : | |
| v. | : : | |
| TOWNSHIP OF BENSALEM; BENSALEM TOWNSHIP SCHOOL DISTRICT; BENSALEM TOWNSHIP POLICE DEPARTMENT; and ARMOUR AND SONS ELECTRIC, INC., | : : : : : : | |
| Defendant. | | |

## DEFENDANT, ARMOUR AND SONS ELECTRIC, INC.'S
## MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendant, Armour and Sons Electric, Inc., by and through its attorneys, Delany McBride, files the following Motion for the partial dismissal of Plaintiff's Complaint, pursuant to

FRCP 12(b)(6), to dismiss all averments of recklessness and strike all claims for punitive damages.  The grounds for this Motion are set forth more fully in the accompanying Brief.

                                  Respectfully submitted

                                  DELANY McBRIDE

By:       /s John J. Delany_____
          JOHN J. DELANY, III
          Attorneys for Moving Defendant,
          Armour and Sons Electric, Inc.

Dated:  November 25, 2014

| | |
|---|---|
| DELANY McBRIDE<br>JOHN J. DELANY, III, ESQUIRE<br>I.D. No. 45155<br>ANDREW P. CAMPBELL, ESQUIRE<br>I.D. No. 79430<br>Two Penn Center Plaza<br>1500 JFK Blvd., Suite 415<br>Philadelphia, PA 19102 | **Attorneys for Defendant,**<br>**Armour and Sons Electric, Inc.** |

UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

ESTATE OF RYAN VIOLA, deceased, by and through its Co-Administrators ALICE VIOLA and SAMUEL VIOLA, JR., :
: Civil Action No. 14-5914
Plaintiff,   :
:
v.   :
:
TOWNSHIP OF BENSALEM; BENSALEM TOWNSHIP SCHOOL DISTRICT; BENSALEM TOWNSHIP POLICE DEPARTMENT; and ARMOUR AND SONS ELECTRIC, INC.,

Defendant.

### DEFENDANT, ARMOUR AND SONS ELECTRIC, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

I. **MATTER BEFORE THE COURT**

Defendant, Armour and Sons Electric, Inc.'s Motion for the partial dismissal of Plaintiff's Complaint, pursuant to FRCP 12(b)(6), to dismiss all averments of recklessness and strike all claims for punitive damages.

## II.     STATEMENT OF QUESTION INVOLVED

Should a Motion for Partial Dismissal be granted and the requested relief be afforded when Plaintiff fails to aver facts sufficient to support averments of "reckless" conduct and a claim for punitive damages?

**Proposed Answer: YES.**

## III.    STATEMENT OF FACTS

The present action arises from the tragic death of Ryan Viola, a pedestrian who was struck and killed while crossing a highway on his way to school. The sole Count of the Complaint directed to Movant is Count III, which is sounded in negligence, and also makes reference to the Pennsylvania Wrongful Death and Survival Acts. (See Plaintiff's Complaint, attached hereto, without admission or adoption, as **Exhibit "A"**.)

For purposes of the present Partial Motion to Dismiss, This Court must accept as true all factual allegations made in Plaintiffs' Complaint. *Scheuer v. Rhodes*, 416 U.S. 236 (1974). Movant will recite only the alleged facts that are relevant to the present Motion.

Ryan Viola, a resident of Bensalem Township (Compl. ¶ 8), was struck and killed by a motor vehicle while crossing Bensalem Boulevard on his way to his school bus stop, which was located at the northwest corner of Bensalem Boulevard and Portside Drive in Bensalem, Pennsylvania. (Compl. ¶ 20.) Bensalem Boulevard is a heavily travelled roadway with a speed limit of forty miles per hour. (Compl. ¶ 24.) There was no crossing guard on duty at the time the decedent was struck. (Compl. ¶ 23.)

Plaintiff further avers:

16. At all times relevant hereto, a traffic control device, in the form of a traffic signal, controlled the intersection of Bensalem Boulevard and Portside Drive in Bensalem Township, PA.

17. Based upon information and belief, Defendant, Armour and Sons Electric, Inc., was responsible for the day to day maintenance and repair of the traffic control devices located at the corners of Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

19. At all times relevant hereto, the corners of Bensalem Boulevard and Portside Drive were equipped with pedestrian push buttons which, if operating properly, would allow for a pedestrian to push the button in order to control the traffic control device to allow for the safe passage of pedestrians.

20. At all times relevant hereto, the deceased, Ryan Viola, was in the process of crossing Bensalem Boulevard at Portside Drive in order to reach his designated school bus stop at the northwest corner of Bensalem Boulevard and Portside Drive, when he was struck, and killed, by a motor vehicle traveling on Bensalem Boulevard.

21. At all times relevant hereto, a pedestrian pushbutton was located at the southwest corner of Bensalem Boulevard and Portside Drive; the purpose of the pedestrian pushbutton was to allow pedestrians to control the traffic control device located at Bensalem Boulevard and Portside Drive, Bensalem Township, PA.

22. At all times relevant hereto, the pedestrian pushbutton located at the southwest corner of Bensalem Boulevard and Portside Drive was improperly wired and did not function as it was intended to function; namely to allow for pedestrians to obtain the right of way to safely cross Bensalem Boulevard at Portside Drive.

62. The carelessness, **<u>recklessness</u>** and/or negligence of the Defendant, Armour and Sons Electric, Inc., consisted of the following:

> a. failure to maintain a traffic control device,
> b. failure to correct deficiencies of a traffic control device;
> c. failure to properly inspect a traffic control device;
> d. failure to ensure the proper working of traffic control device;

     c. allowing and permitting a traffic control device to be, and remain, malfunctioning;

     f. failure to supervise those responsible for the upkeep and maintenance of a traffic control device; und

     g. failure to conform to industry standards when selecting and approving the location of pedestrian pushbuttons for the traffic control device.

(See Exhibit "A". **Emphasis added.**)

## IV. LEGAL ARGUMENT

The Plaintiff's Complaint, as directed to Movant, contain no factual averments to support the allegation of "reckless" conduct such as would give rise to a claim for punitive damages. Paragraph 62 merely contains a general averment that broadly refers to the "recklessness" of Movant. (See Exhibit "A", para. 62.) In short, Plaintiff has baldly alleged "recklessness" against Movant, with no factual averments whatsoever to support a claim for reckless conduct or for punitive damages.

In such circumstances, a 12(b)(6) Motion is appropriate to seek dismissal of punitive damages. (*Logue v. Logano Trucking, Co.*, 921 F.Supp 1425 (E.D. Pa. 1996) ("Logano seeks to dismiss the punitive damages claims because Plaintiff has allegedly failed to state a claim for which relief can be granted. The Defendants agree that in Pennsylvania, punitive damages can only be awarded 'for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' (Citations omitted.) Punitive damages are not available in cases involving simple negligence, but are available when 'the actor knows, or has reason to know ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'" (Citations omitted.).)

The Pennsylvania Supreme Court has stated:

> Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to "intentional, willful, wanton or reckless conduct..."

*Phillips v. Cricket Lighters,* 883 A.2d 439, 445-46 (Pa. 2005) (citations omitted) (alterations in original).

Thus, in determining whether punitive damages should be awarded, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). See also *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963) ("In determining whether punitive damages should be awarded, the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties should be considered." ).

Further, the Pennsylvania Supreme Court has made clear that punitive damages should only be awarded when a defendant has acted in a particularly egregious and outrageous fashion.

> [T]here is a distinction between negligence and punitive damages claims, with a plaintiff being required to meet a far lesser burden to establish a negligence claim than that which is imposed in connection with a punitive damages claim. This distinction is an important one. Damages awarded in a negligence action compensate a plaintiff for his or her losses. Punitive damages, in contrast, are not awarded to compensate the plaintiff for her damages but rather to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious. Such a punishment should not be meted out to every defendant who is found to have acted negligently; rather, it should be reserved for those cases in which the defendant has acted in a pat1icularly outrageous fashion.

*Phillips*, 883 A.2d at 446.

The Pennsylvania Superior Court has further explained:

> Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.

*McClellan v. HMO*, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992) (citations omitted).

Under Pennsylvania law, recklessness or wantonness requires a showing that the actor knew or had reason to know of facts which created a high degree of risk of physical harm to another and that the actor deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk. *SHY Coal, Inc. v. Cont'l Grain Co.*, 587 A.2cl 702, 704 (Pa. 1991). (discussing the type of recklessness that must be shown for a finding of punitive damages under Pennsylvania law).

In the instant case, Plaintiffs' Complaint is completely devoid of any material facts demonstrating that Movant acted in a reckless, wanton, intentional, or outrageous fashion. On the contrary, no factual averments directed to Movant support a claim for reckless conduct or punitive damages. At most, a simple negligence claim has been pleaded.

Thus, even if all of Plaintiff's factual averments are accepted by the Court as true, the factual allegations set forth in Plaintiff's Amended Complaint fall far short of the required legal standard for reckless, wanton, intentional, or outrageous conduct, and therefore for any reference to "recklessness" and any claim for punitive damages against Movant must be dismissed.

## V.  **CONCLUSION/RELIEF REQUESTED**

For all of the foregoing reasons, Movant, Armour and Sons Electric, Inc. prays that this Honorable Court dismiss all averments of recklessness and strike all claims for punitive damages.

                                Respectfully submitted

                                DELANY McBRIDE

                          By:      /s John J. Delany_____
                                   JOHN J. DELANY, III
                                   Attorneys for Moving Defendant,
                                   Armour and Sons Electric, Inc.

Dated:  November 25, 2014