IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF RYAN VIOLA; ALICE VIOLA; and SAMUEL VIOLA, JR.,**<br>                    Plaintiffs,<br>            v.<br><br>**TOWNSHIP OF BENSALEM; BENSALEM TOWNSHIP POLICE DEPARTMENT; and ARMOUR AND SONS ELECTRIC, INC.,**<br>                    Defendants. | CIVIL ACTION<br><br><br><br>NO.  14-5914 |

# M E M O R A N D U M
# O P I N I O N

This case arises from the tragic death of Ryan Viola, a high school student who was struck and killed while crossing a highway on his way to his school bus stop.  The dispositive issue in this case is whether the three defendants that are local government entities may be held liable under 42 U.S.C § 1983 on a state-created danger theory for establishing a school bus stop on a busy street and failing to provide a crossing guard.

Before the Court are the Defendants Township of Bensalem and the Bensalem Police Department's (together, the "Township") Partial Motion to Dismiss Plaintiffs' Complaint, ECF No. 6; Defendant Bensalem School District's (the "School District") Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 13; and Defendant Armour and Sons Electric, Inc.'s ("Armour and Sons") Motion for Partial Dismissal of Plaintiffs' Complaint, ECF No. 8.  For the reasons below, the Township and the School District's (together, the "Municipal Defendants") motions to dismiss the Section 1983 claim

shall be granted, and the Court declines to exercise jurisdiction over the remaining state law counts.

I.     FACTUAL BACKGROUND

Ryan Viola was a high school student who died after he was hit by a car while attempting to cross the street on his way to his school bus stop. *Id.* ¶ 20. Plaintiffs, Alice Viola and Samuel Viola, are Viola's parents and co-administrators of his estate. *Id.* ¶ 3.

Viola's designated bus stop was located at the northwest corner of Bensalem Boulevard and Portside Drive in Bensalem, Pennsylvania. *Id.* ¶ 10. Bensalem Boulevard is a busy street with a speed limit of forty miles per hour. *Id.* ¶ 24. Normally, students cross Bensalem Boulevard by pushing a button that controls the flow of traffic. *Id.* ¶ 16. At certain times of day, a crossing guard is also present. *See id.* ¶ 26. However, at the time Viola was struck, the pushbutton was broken, and there was no crossing guard on duty. *Id.* ¶¶ 22-23.

Plaintiffs allege that Viola's death could have been prevented if the Municipal Defendants had put the location of Viola's bus stop on a safer street. *Id.* ¶ 39. They also allege that the Municipal Defendants should have provided a crossing guard when Viola's school bus was scheduled to leave. *Id.* ¶ 37. Finally, they allege that Viola's death could have been prevented if the Municipal Defendants had inspected and fixed the broken pushbutton. *Id.* ¶ 38.

Count I of the Complaint, the only count brought under federal law, seeks recovery under 42 U.S.C. § 1983 against the Municipal Defendants for a violation of the substantive Due Process Clause of the Fourteenth Amendment on the theory that by establishing a bus stop at a busy intersection, by approving the placement of the pushbutton and then by failing to repair it, and by failing to provide a crossing guard, the Municipal Defendants created an otherwise

avoidable danger to Viola that rendered him vulnerable to the traffic accident that resulted in his death.[1]  *Id*. ¶ 36.

All four Defendants have filed motions to dismiss or partial motions to dismiss.  ECF Nos. 7, 8, 13.  Plaintiffs filed memoranda opposing each motion.  ECF Nos. 14, 15, 16.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In light of *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].'"  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  Here, Plaintiffs' Complaint does not allege facts sufficient to plausibly state a claim for relief under Section 1983 on a state-created danger theory.

## III.    DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States.  *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013).  Plaintiffs' Section 1983 claim rests on the Due Process Clause of the Fourteenth Amendment, which provides that a state shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV, § 1.  Specifically, Plaintiffs allege that the Municipal

---

1   Counts II and III assert state law claims under a variety of rubrics.  Compl. ¶¶ 50-71.  The only count brought against Armour & Sons is a state law claim for "carelessness, recklessness and/or negligence."  *Id*. at ¶¶ 61-71.

3

Defendants violated the protection against arbitrary governmental action by creating the dangerous condition that was directly responsible for the accident that ended Viola's life.

In reviewing the allegations, this Court is cognizant first, that the Fourteenth Amendment is "not 'a font of tort law to be superimposed upon whatever systems may already be administered by the States[,]'" *Boyanowski v. Capital Area IU*, 215 F.3d 396, 400 (3d Cir. 2000) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)), and second, that "the Supreme Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field." *Id.* (internal punctuation omitted) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). It is with these principles in mind that the Court examines the sufficiency of Plaintiffs' allegations.

### A. "State-Created Danger"

Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989). However, an exception to the rule exists where "the state acts to *create* or *enhance* a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process." *Sanford v. Stiles*, 456 F.3d 298, 304 (2006) (emphasis in original) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996)). To prevail on a "state-created danger" theory, Plaintiffs must prove the following four elements:

1) the harm ultimately caused was foreseeable and fairly direct;

2) a state actor acted with a degree of culpability that shocks the conscience;

3) the plaintiff was a foreseeable victim, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions; and

> 4) a state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or that rendered him more vulnerable to danger than had the state not acted at all.

*Morrow*, 719 F.3d at 177 (citing *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006).

Here, Plaintiffs contend, *inter alia*, that the Municipal Defendants made "conscious decisions in the form of the location of the school bus stop and the staffing of the school bus stop," which decisions are sufficient to plead a "state-created danger" theory of liability. ECF No. 16 at 9. The Court disagrees. The allegations are insufficient to meet the second and fourth prongs of the above-stated test and therefore fail to state a claim. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 914 (3d Cir. 1997) (holding that the failure to meet any one of the elements requires dismissal of claim).

### 1.   *Second Prong Analysis*

Plaintiffs argue that the Municipal Defendants' decisions "regarding the staffing of the school bus crossing and the location of the school bus crossing" show "willful disregard" for Viola's safety. ECF No. 16 at 8. According to Plaintiffs, other, safer locations were available, but the Municipal Defendants chose Bensalem Boulevard because it was a more efficient route. ECF No. 16 at 19.

As an initial matter, "willful disregard" is not the standard by which to evaluate a state state-created danger claim. The viability threshold for any such claim is a misuse of authority that "shocks the conscience." *Sanford v. Stiles*, 456 F.3d 298, 310 (3d Cir. 2006). "But what is required to meet the conscience-shocking level will depend upon the circumstances of each case, particularly the extent to which deliberation is possible." *Id.* In cases where the alleged action was taken following deliberation, as is alleged here, conscience-shocking behavior may be established if the defendant's actions displayed "deliberate indifference" to the plaintiff's safety.

*Id*.  Deliberate indifference, in turn, requires "conscious[ ] disregard[] of a substantial risk of serious harm." *Robinson v. Peirce*, 586 F. App'x 831 (3d Cir. 2014) (internal quotations omitted) (citing *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 66 (3d Cir. 2002)).

While there is no hard and fast rule which limns the line between what does and what does not fall within that category, the Court is not persuaded that the Municipal Defendants' actions as alleged shock the conscience in a constitutional sense and, thus, cannot conclude that the line has been crossed.  For example, there are no allegations that the Municipal Defendants had any knowledge that the location of the accident was particularly dangerous or that they had been informed of other traffic accidents at that intersection.  Nor does the Complaint allege that any students or their parents had complained to the school about the safety of the bus stop or demanded that a crossing guard be present.  And Plaintiffs do not allege that the Municipal Defendants were aware that the pedestrian pushbutton Viola might have used to cross Bensalem Boulevard was broken.

In *Brozusky v. Hanover Township*, a similar case in which a student was struck by a car while crossing a busy street to get to school, the court noted that "[b]ald characterizations of 'deliberate difference' and 'willful disregard' do not transform the underlying omissions to remedy an alleged unsafe condition into arbitrary or conscience-shocking conduct in a constitutional sense." 222 F. Supp. 2d 606, 612 (M.D. Pa. 1002).  Its decision to grant the defendants' motion to dismiss was informed by the following language from *Collins*:

> Our refusal to characterize the city's alleged omission in this case as arbitrary in a constitutional sense rests on the presumption that the administration of government programs is based on a rational decisionmaking process that takes account of competing social, political and economic forces.  Decisions concerning the allocation of resources to individual programs . . . involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of government for the entire country.

*Collins*, 503 U.S. at 117, *cited in Brozusky*, 222 F. Supp. 2d at 612-13.

As in *Brozusky*, this Court does not view the Municipal Defendants' policy decisions concerning the location and staffing of Viola's bus stop as arbitrary governmental behavior. Even assuming arguendo their actions rose to the level of negligence, the acts as alleged cannot support a claim for state-created danger under Section 1983. *See Sanford*, 456 F.3d at 311 ("Mere negligence is not enough to establish conscience-shocking behavior in the constitutional sense.").

### 2.     *Fourth Prong Analysis*

Dismissal of the Section 1983 count is also warranted for failure to satisfy the fourth prong in the state-created danger analysis, *i.e.*, affirmative use of authority that created a danger to the plaintiff or that rendered him more vulnerable to danger than had the state not acted at all. *See Morrow*, 719 F.3d at 177. "[I]t is [the] misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright*, 443 F.3d at 282. Third Circuit precedent teaches that a plaintiff cannot satisfy the fourth prong of the state-created danger exception by recasting as affirmative acts omissions or "passive conduct" not specifically directed at the plaintiff. *See Crockett v. Se. Pa. Transp. Auth.*, -- F. App'x --, No. 14-1812, 2015 WL 400582, at *1 (3d Cir. Jan. 30, 2015) (holding that Transportation Authority's failure to identify a dangerous condition on a train did not constitute an affirmative act sufficient to allege at state-created danger claim); *Morrow*, 719 F.3d at 178-79 (3d Cir. 2013) (holding that a school's decision to allow a student expelled for violence against plaintiff to return to campus was not an affirmative act placing plaintiff in danger); *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1375 (3d Cir. 1992) (holding that a school's decision to construct a unisex bathroom was not an affirmative act that put plaintiff at risk of violence from other students).

*See also Mitchell v. Duval Cnty. Sch. Bd.*, 107 F.3d 837 (11th Cir. 1997) (finding no affirmative act in state-created danger case when plaintiff was shot after leaving school grounds to find a pay phone to call his father in part because there was no allegation that the school required the student to wait for his father off campus).

Here, Defendants' decision to place the location of the school bus stop in one location rather than another, or to staff the school bus stop with a crossing guard at some times but not others, or its failure to fix the broken pushbutton, are not affirmative acts that were specifically directed at Viola.  A decision regarding the location and staffing of a bus stop cannot be said to have affirmatively placed Viola in danger or increased danger.  The danger Viola faced was crossing a busy street.  The failure to discover the broken pushbutton and fix it before the accident similarly did not constitute an affirmative act sufficient to survive a motion to dismiss Plaintiffs' state-created danger claim.  Neither do plaintiffs allege that the Municipal Defendants required that Viola take the bus rather than get to and from school by some other means.  In short, none of the allegations in the Complaint sufficiently allege that the Municipal Defendants took any affirmative act to place Viola in danger.

## IV. Conclusion

For the reasons set forth above, Plaintiffs Section 1983 claim shall be dismissed. Once the sole federal claim is dismissed, the remaining claims are in federal court only through supplemental jurisdiction. The parties all agree, ECF No. 20 at 2, as does the Court, that they should be litigated in Pennsylvania's Bucks County Court of Common Pleas. Accordingly, the Court will not address Defendants' arguments seeking to dismiss the state law claims and this case shall be dismissed without prejudice. An order shall follow consistent with this Memorandum Opinion.

**BY THE COURT:**

**/s/ Wendy Beetlestone**

_____

**WENDY BEETLESTONE, J.**